**29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES**
**STATE OF LOUISIANA**

NO. 69,131-D    DIVISON _____    DOCKET NO. _____

**AQANETTE MARKEY**
**VS.**
**A.M.E. SERVICES, INC. AND/OR**
**A.M.E. SERVICES OF NEW ORLEANS, L.L.C.**

FILED: _____     _____
                                    DEPUTY CLERK

NOW INTO COURT THROUGH THE UNDERSIGNED COUNSEL, comes your petitioner, Aquanette Markey, a person of the full age of majority and domiciliary of Jefferson Parish, State of Louisiana, who shows with respect the following:

1.

MADE DEFENDANTS HEREIN ARE:

A. A.M.E. Services, Inc. on information and belief Louisiana corporation organized under the Laws of the State of Louisiana and authorized to do and/or doing business within the State of Louisiana. Parish of Jefferson.

B. A.M.E. SERVICES OF NEW ORLEANS, L.L.C. on information and belief Louisiana corporation organized under the Laws of the State of Louisiana and authorized to do and/or doing business within the State of Louisiana. Parish of Jefferson.

2.

Plaintiff shows that on or about November 6, 2006, she was hired by A.M.E. Services to work at the Louis Armstrong Airport, located in the Parish of Jefferson.

3.

Plaintiff performed her work for the last two days of work and was fired on or about April 5. Plaintiff had worked for over 16 hours that she had not been paid for and after she was discharged the employer refused to tender the 16 hours of pay in a final paycheck. Plaintiff was employed as an hourly worker and earned $12.00 base pay. Plaintiff usually worked an additional extra hour and a half overtime at $18.00 per hour each day. In addition Plaintiff was entitled to at least two days of earned vacation days at $96.00 per day.

4.

To date the defendant has refused to tender any payment of wages for the month of April 2006. Plaintiff made demand on Defendant through its manager by certified letter. The Plaintiff was next to be paid on.

5.

Plaintiff is owed her past due wages, and vacation pay, and expenses, in addition Plaintiff made the demand pursuant to Louisiana Revised Statutes § 22:631 & 622 which was received by the defendant in May 2006. As of the date of filing of this Petition, the Defendant has failed to pay any of the back wages and expenses. Plaintiff is owed her past due wages, unused vacation pay. In addition, the Defendant has failed to pay all of the above within 72 hours after demand was made and after the next payday had passed, as required by Louisiana Revised Statutes § 22:631 & 622 and has forced the Plaintiff to seek her wages and unused vacation pay, and expenses through filing suit. Plaintiff is owed in addition to the other amounts owed as defined above, penalty wages, including all payments that constitute Plaintiff's daily wage such as commissions and health insurance, for each day from June 10, 2007 until paid, and Plaintiff's reasonable attorney fees, costs and expenses of this litigation as well as interest on all from the date of judicial demand until paid.

Wherefore, the Plaintiff Aquanette Markey prays that after due proceedings had there be judgment in his favor and against A.M.E. Services, Inc. and/or A.M.E. SERVICES OF NEW ORLEANS, L.L.C., jointly, severally and in solido for all past due wages, and unused vacation pay and penalty wages, and expenses through the date of judgment allowed under the law, attorney fees, costs and expenses and legal interest from the date of default until paid and judicial interest on all from the date of judicial demand until paid.

RESPECTFULLY SUBMITTED:

JACK H. TOBIAS (17172)
336 Camp St.
Suite 340
New Orleans, Louisiana 70130
Telephone (504) 838-7100

STATE OF LOUISIANA
PARISH OF ST. CHARLES
I HEREBY CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

CLERK OF COURT
ST. CHARLES PARISH

NO. **69,131**   STATE OF LOUISIANA
DIVISON **0**   DOCKET NO. _____

AQANETTE MARKEY
VS.
A.M.E. SERVICES, INC. AND/OR
A.M.E. SERVICES OF NEW ORLEANS, L.L.C.

FILED: _____

_____
DEPUTY CLERK

### VERIFICATION

STATE OF LOUISIANA
PARISH OF

BEFORE ME, the undersigned authority, personally came and appeared:

**AQUANETTE MARKEY**

who, being first duly sworn did depose and say under oath:

1) That she is the plaintiff in the above and foregoing petition;
2) That she has read the petition and all of the allegations of fact made in the petition are true, except those made on information and belief; and
3) That, as to these, affiant believes them to be true.

_____
AQUANETTE MARKEY

Sworn to and subscribed before me this **17th** day of **April**, 2009.

_____
Jack H. Tobias, Notary Public, La. Bar No. 17172

Please serve
Please serve Citation and Petition on the following:
Defendant A.M.E. SERVICES, INC
Through its Registered Agent for Service:
HERMAN C. WESTON, 265 VILLERE DRIVE, DESTREHAN, LA 70047

STATE OF LOUISIANA
PARISH OF ST. CHARLES
I HEREBY CERTIFY THAT THE WITHIN
AND FOREGOING IS A TRUE COPY OF THE
ORIGINAL ON FILE IN THIS OFFICE.
_____
CLERK OF COURT
ST. CHARLES PARISH

**SUPPLEMENTAL CITATION**

MARKEY, AQANETTE

Versus

A.M.E. SERVICES INC AND/OR - ET AL



Case: **00069131**
Division: D
29th Judicial District Court
Parish of St. Charles
State of Louisiana

TO:
 A.M.E. SERVICES INC AND/OR A.M.E SERVICES OF NEW ORLEANS, LLC THROUGH ITS COUNSEL
 OF RECORD: MARK A. BALKIN, JOSEPH C. CHAUTIN, III
 HARDY, CAREY, CHAUTIN & BALKIN, LLP
 1080 WEST CAUSEWAY APPROACH
 MANDEVILLE, LA 70471

*You are hereby cited to comply with the demand contained in the motion to supplement & amend the petition and first supplemental and amended petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said supplemental and amended petition in the office of the Clerk of the 29th Judicial District Court in the St. Charles Parish Court House in the City of Hahnville in said Parish within the time remaining for pleading to the original petition heretofore served upon you or within ten (10) days after service hereof, whichever period is longer. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.*

*WITNESS THE HONORABLE JUDGES of the said Court on the **9th** day of **January** A.D., 20**12**.*

 Charles J. Oubre, Jr.
 CLERK OF COURT

 BY: <u>Debra C. Rankin</u>
 Deputy Clerk of Court

*attorney, Jack H. Tobias*

---

### Service Information

*Received on the* _____ *day of* _____, 20\_\_\_\_\_ *and on the* _____ *day of* _____, 20\_\_\_\_ *served the above named party as follows:*

**Personal Service** *on the party herein named* _____.
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, 20\_\_\_\_\_.

Service $_____
 By: _____
Mileage $_____ Deputy Sheriff

Total $_____

[ ORIGINAL ]

29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

STATE OF LOUISIANA

NO. 69131 DIVISION "D"

AQUANETTE MARKEY

VERSUS

A.M.E. SERVICES, INC. and/or A.M.E. SERVICES OF NEW ORLEANS, L.L.C.

FILED:_____   _____
                                              DEPUTY CLERK

## MOTION TO SUPPLEMENT AND AMEND THE PETITION

NOW INTO COURT, through the undersigned counsel, comes the plaintiff, AQUANETTE MARKEY, who moves for leave to supplement and amend the lawsuit with the attached verified Supplemental and Amending Petition.

Plaintiff shows that this Supplemental and Amending Petition was necessitated by defendant's Answer and responses to the previously filed Motion for Summary Judgment. Counsel shows that the defendant supplemented and amending its answer and provided additional information in response to plaintiff's original Motion for Summary Judgment that necessitated these additional allegations and additional parties.

WHEREFORE, plaintiff prays that the Court *sua sponte* grant plaintiff leave to amend and supplement this lawsuit and allow the Supplemental and Amending Petition be entered into the record and that after due proceedings had the defendant, A.M.E. SERVICES, L.L.C., be served with citation and the Supplemental and Amending Petition and that the additional defendant, ETI, INC., be served with citation, original Petition and Supplemental and Amending Petition.

Respectfully submitted,

_____
JACK H. TOBIAS
Bar Roll No. 17172
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone (504) 523-0454
Facsimile (504) 523-0464

29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

STATE OF LOUISIANA

NO. 69131 DIVISION "D"

AQUANETTE MARKEY

VERSUS

A.M.E. SERVICES, INC. and/or A.M.E. SERVICES OF NEW ORLEANS, L.L.C.

FILED:_____       _____
                                                                                    DEPUTY CLERK

## ORDER

Considering the foregoing:

LET the Supplemental and Amending Petition be filed as prayed.

HAHNVILLE, LOUISIANA, this 4th day of January, 2012.

_____
JUDGE

PLEASE SERVE:

A.M.E. SERVICES, INC
Through its counsel of record,
MARK A. BALKIN
JOSEPH C. CHAUTIN, III
Hardy, Carey, Chautin & Balkin, LLP
1080 West Causeway Approach
Mandeville, Louisiana 70471

ETI, INC.
Through its agent for service of process,
BEVERLY MOORE
365 Canal Street, Suite 2425
New Orleans, Louisiana 70130

29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

STATE OF LOUISIANA

NO. 69131 DIVISION "D"

AQUANETTE MARKEY

VERSUS

A.M.E. SERVICES, INC. and/or A.M.E. SERVICES OF NEW ORLEANS, L.L.C.

FILED:_____  _____
DEPUTY CLERK

**PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING PETITION**

NOW INTO COURT through undersigned counsel, comes your petitioner, Aquanette Markey, a person of the full age of majority and domiciliary of Jefferson Parish, State of Louisiana, who first pleads by reference her original petition filed in this matter by reference, and further shows with respect the following:

NOW INTO COURT through undersigned counsel, comes your petitioner, Aquanette Markey, a person of the full age of majority and domiciliary of Jefferson Parish, State of Louisiana, who shows with respect the following:

1.

MADE DEFENDANTS HEREIN ARE:

A. A.M.E. Services, Inc. on information and belief Louisiana corporation organized under the Laws of the State of Louisiana and authorized to do and/or doing business within the State of Louisiana. Parish of Jefferson.

B. A.M.E. SERVICES OF NEW ORLEANS, L.L.C. on information and belief Louisiana corporation organized under the Laws of the State of Louisiana and authorized to do and/or doing business within the State of Louisiana. Parish of Jefferson.

C. ETI, Inc. on on information and belief Louisiana corporation organized under the Laws of the State of Louisiana and authorized to do and/or doing business within the State of Louisiana. Parish of Jefferson.

2.

Plaintiff shows that on or about November 6, 2006, she was hired by A.M.E. Services to work at the Louis Armstrong Airport, located in the Parish of Jefferson.

3.

Plaintiff performed her work for the last two days of work and was fired on or about April 5. Plaintiff had worked for over 16 hours that she had not been paid for and after she was discharged the employer refused to tender the 16 hours of pay in a final paycheck. Plaintiff was employed as an hourly worker and earned $12.00 base pay. Plaintiff usually worked an additional extra hour and a half overtime at $18.00 per hour each day. In addition Plaintiff was entitled to at least two days of earned vacation days at $96.00 per day.

4.

To date the defendant has refused to tender any payment of wages for the month of April 2006. Plaintiff made demand on Defendant through its manager by certified letter. The Plaintiff was next to be paid on.

5.

Plaintiff is owed her past due wages, and vacation pay, and expenses, in addition Plaintiff made the demand pursuant to Louisiana Revised Statutes § 22:631 & 622 which was received by the defendant in May 2006. As of the date of filing of this Petition, the Defendant has failed to pay any of the back wages and expenses. Plaintiff is owed her past due wages, unused vacation pay. In addition, the Defendant has failed to pay all of the above within 72 hours after demand was made and after the next payday had passed, as required by Louisiana Revised Statutes § 22:631 & 622 and has forced the Plaintiff to seek her wages and unused vacation pay, and expenses through filing suit. Plaintiff is owed in addition to the other amounts owed as defined above, penalty wages, including all payments that constitute Plaintiff's daily wage such as commissions and health insurance, for each day from June 10, 2007 until paid, and Plaintiff's reasonable attorney fees, costs and expenses of this litigation as well as interest on all from the date of judicial demand until paid.

6.

Plaintiff has learned that the defendant AME retains a principal who is a convicted felon in its employ, and that defendant AME by failing to provide the Plaintiff and others with their required tax forms continues in its corrupt practices and is therefore a corrupt organization.

7.

Plaintiff shows that the Defendant is therefore subject to additional penalties of three times the value of the economic damages that Plaintiff suffered. The State of Louisiana having

set the value of the economic damages by statute at the value of one days pay for every day of delay since the original demand was made for her wages and the value of the taxes that would have been refunded to the Plaintiff.

8.

Because of the Defendant's corrupt practices and intentional withholding of the Plaintiff's wages and causing her tax refund to be withheld without cause, the Plaintiff is entitled to additional damages for mental anguish and fear, as well as loss of economic opportunity.

9.

On information and belief the Defendants ETI, Inc. and the AME defendants have continually misrepresented the facts to avoid judgments and avoid their obligations all of which constitutes a conspiracy to obstruct justice. ETI now claims that it was actually the Plaintiff's employer, however Plaintiff through her counsel made demand on ETI for all records that may show who was her employer under the circumstances she was entitled to such and ETI through its counsel refused this request. Plaintiff shows that AME officers and managers represented to Plaintiff that ETI was solely a payroll service and that Plaintiff never authorized the AME defendants to transfer her to another entity such as ETI.

10.

Plaintiff shows that she is entitled to punitive and exemplary damages for the corrupt practices including the conspiracy to obstruct justice and other corrupt practices as may be proven at trial.

WHEREFORE, the Plaintiff Aquanette Markey prays that after pleading her original prayer for relief contained in her original petition by reference as if repeated herein, and due proceedings had there be additionally a judgment in her favor and against A.M.E. Services, Inc. and/or A.M.E. SERVICES OF NEW ORLEANS, L.L.C., jointly, severally and in solido for all damages, all general, and economic damages and all penalties including reasonable attorney fees, costs and expenses of these proceedings and judicial interest on all from date of original demand until paid and legal interest until paid.

Respectfully submitted,

JACK H. TOBIAS
Bar Roll No. 17172
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone (504) 523-0454
Facsimile (504) 523-0464

## VERIFICATION

STATE OF LOUISIANA
PARISH OF

BEFORE ME, the undersigned authority, personally came and appeared:

### AQUANETTE MARKEY

who, being first duly sworn did depose and say under oath:

1) That she is the plaintiff in the above CAPTIONED MATTER;
2) That she has read the supplemental and amending petition and all of the allegations of fact made in the supplemental and amending petition are true, except those made on information and belief; and
3) That, as to those, affiant believes them to be true.

_____
AQUANETTE MARKEY

Sworn to and subscribed before me this _12TH_ day of _April_, 2010.

_____
Notary Public, La. Bar No.: _12172_
La. Notary Public No.: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been forwarded to all known counsel of record by placing a copy of same in the U.S. Mail, postage pre-paid and properly addressed to all counsel in this matter, this _21_ day of _Dec_, 2011.

_____
JACK H. TOBIAS

Please serve Citation and Petition on the following:
Defendant A.M.E. SERVICES, INC
Through its Atttoneys of Record:
Mark A. Balkin
Joseph C. Chautin, III'
Hardy, Carey, Chautin & Balkin, LLP
1080 West Causeway Approach
Mandeville, La. 70471

ETI, INC.
Through its agent for service of process,
BEVERLY MOORE
365 Canal Street, Suite 2425
New Orleans, Louisiana 70130
**(WITH ORIGINAL AND SUPPLEMENTAL AND AMENDING PETITIONS)**

4

## SUPPLEMENTAL CITATION

MARKEY, AQANETTE

Versus

AME SERVICES INC - ET AL



Case: **00069131**
Division: D
29*th* Judicial District Court
Parish of St. Charles
State of Louisiana

TO:
  AME SERVICES, INC. THROUGH ITS COUNSEL OF RECORD, MARK A BALKIN, JOSEPH C.
  CHAUTIN, III - HARDY, CAREY, CHAUTIN & BALKIN LLP
  1080 WEST CAUSEWAY APPROACH
  MANDEVILLE, LA  70471

You are hereby cited to comply with the demand contained in the Motin to Supplemental and Amend Petition w/Order and Third Supplemental & Amending Petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said supplemental and amended petition in the office of the Clerk of the 29*th* Judicial District Court in the St. Charles Parish Court House in the City of Hahnville in said Parish within the time remaining for pleading to the original petition heretofore served upon you or within ten (10) days after service hereof, whichever period is longer. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES of the said Court on the **20th** day of **June** A.D., 20**12**.

                                                                     Charles J. Oubre, Jr.
                                                                     CLERK OF COURT

                                                    BY:  <u>Debra C. Rankin</u>
                                                                 Deputy Clerk of Court

ATTORNEY, JACK H. TOBIAS
(504) 523-0454

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____
                                    By: _____
Mileage   $_____                    Deputy Sheriff

Total     $_____

[ ORIGINAL ]

## 29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

## STATE OF LOUISIANA

NO. 69,131 DIVISION "D"

### AQUANETTE MARKEY

### VERSUS

### A.M.E. SERVICES, INC. and/or A.M.E SERVICES OF NEW ORLEANS, L.L.C.

FILED:_____ _____
DEPUTY CLERK

### MOTION TO SUPPLEMENT AND AMEND PETITION

NOW INTO COURT, through undersigned counsel, comes AQUANETTE MARKEY who moves this Honorable Court to allow the Third Supplemental and Amending Petition pursuant to its order from the hearing held by this Honorable Court on the defendant's exceptions.

WHEREFORE, plaintiff prays that after due proceedings had, this Court grant leave to amend and supplement the original and all subsequent supplemental and amending petitions to include the following allegations as ordered by this Court in the previous Exceptions hearing.

Respectfully submitted,

_____
JACK H. TOBIAS
Bar Roll No. 17172
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454
Facsimile: (504) 523-0464
E-Mail: jtobias@jtobiaslaw.com

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of June 2012, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____

29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

STATE OF LOUISIANA

NO.   69131                                                        DIVISION "D"

AQUANETTE MARKEY

VERSUS

A.M.E. SERVICES, INC. and/or A.M.E. SERVICES OF NEW ORLEANS, L.L.C.

FILED: _____     _____
                                                                    DEPUTY CLERK

## ORDER

Considering the foregoing:

LET the Third Supplemental and Amending Petition be filed as prayed.

HAHNVILLE, LOUISIANA, this 13th day of June, 2012.

_____
JUDGE

PLEASE SERVE:

A.M.E. SERVICES, INC
Through its counsel of record,
MARK A. BALKIN
JOSEPH C. CHAUTIN, III
Hardy, Carey, Chautin & Balkin, LLP
1080 West Causeway Approach
Mandeville, Louisiana 70471

ETI, INC.
Through its agent for service of process,
BEVERLY MOORE
365 Canal Street, Suite 2425
New Orleans, Louisiana 70130

29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

STATE OF LOUISIANA

NO. 69,131 DIVISION "D"

AQUANETTE MARKEY

VERSUS

A.M.E. SERVICES, INC. and/or A.M.E SERVICES OF NEW ORLEANS, L.L.C.

FILED:_____  _____
DEPUTY CLERK

## THIRD SUPPLEMENTAL AND AMENDING PETITION

Plaintiff herein, AQUANETTE MARKEY, pleads her previous petition and first and second supplement and amending petitions herein *in extenso* as if repeated herein and adds the following allegations:

I

Made defendant herein is ETI, Inc. (hereinafter "ETI"), on information and belief a domestic corporation, authorized to do and doing business in the Parish of Orleans, State of Louisiana.

II

In late November or early December 2006, plaintiff responded to an employment advertisement placed by defendant A.M.E. for maintenance people. She was interviewed at A.M.E. headquarters by A.M.E. personnel and was hired by A.M.E. to work as a maintenance supervisor at the Orleans Parish Courthouse.

III

Plaintiff was subsequently shifted to the Louis Armstrong New Orleans International Airport in the maintenance crew as a supervisor. At no time was it ever disclosed that ETI was to be her employer nor was it ever disclosed that she was transferred to ETI for employment. She never did speak to nor did she have any communication from any person who claimed to be her employer's employees that were not A.M.E. personnel. At no time material hereto did she have any communication with any ETI personnel or anyone representing them as ETI in the capacity as her employer.

IV

The first time ETI's name came up was when her first payroll check was issued and it was allegedly on ETI's account. When she inquired from her superiors at AME she as to who this unknown company was they informed her that ETI was merely a payroll processing company and that they were engaged only to make sure the payroll was correct and the checks were issued on time. They advised her that she was an A.M.E. employee. Her checks clearly indicated that A.M.E. was solely ETI's customer. Nowhere on the check was there any evidence that her employer was not AME.

V

Plaintiff shows that all correspondence from her "employer" came from A.M.E. and only A.M.E. employees who never disclosed any relationship with ETI as other than a payroll processing company.

VI

A.M.E. employees advise that they were the responsible party to distribute her last payroll check.

VII

The defendant ETI never undertook any employment roll over plaintiff and was never disclosed as her employer. On information and belief at all times material to plaintiff's claims the principal of A.M.E., Burnell Moliere who was caught and pled guilty to public corruption charges for a roll in money laundering bribes to Orleans Parish School Board member Ellenese Brooks-Simms.

VIII

Exceptional Temporaries, Inc., otherwise commonly called ETI lists Randall Moore as a company officer. Mr. Moore was also found to be engaged and convicted of public corruption related to contracting fraud.

IX

No one at A.M.E. disclosed to the plaintiff that ETI would claim plaintiff as an employee.

X

On information and belief A.M.E. and ETI continually shifted employees status of their personnel so the other company can avoid liability. They do so by offering affidavits

under oath, filing paperwork with courts and other administrative agencies. This is the very definition of obstruction of justice to avoid in plaintiff's case paying the last paycheck and attempting to avoid paying the penalties and other damages that relate to failure to pay the last paycheck.

XI

In the alternative, defendants hid the name of the actual employer of Ms. Markey to avoid liability and in an effort to avoid paying the employment related judgments that would arise from her claims. They did this through correspondence that was mailed to the plaintiff through the United States Postal Service and delivered to plaintiff by registered mail. This is also a form of obstruction of justice, and not revealing the actual employer until prescription or the statute of limitations has run. The defendants then engage counsel to make judicial admissions until such time as the prescription or statute of limitations has run which they then seek to overcome liability by claiming counsel's error.

XII

The defendants formed an organization to avoid liability and justice. On information and belief they have knowingly filed false and misleading papers, have mailed through the United States Post Office false and misleading statements which they knew plaintiff would rely upon and have formed a conspiracy to mislead their separate employees, administrative agencies and courts, which has resulted in creating, running and continuing to run a corrupt organization. Their principals have engaged in public corruption and these two companies controlled by them continue in the corruption.

XIII

The companies have, on information and belief filed false statements to the Secretary of State by naming straw principals to the company to keep and obtain public business.

XIV

As such the defendants A.M.E. and ETI are and have long been participating in a racketeer influenced and corrupt organization under the law and are liable to plaintiff for all economic losses including delayed payments authorized by the law of Louisiana, and statutory damages and attorney's fees from the RICO claim.

WHEREFORE, plaintiff prays that her previous prayers in the original, first and second supplemental and amending petitions be pled herein in extension as if repeated herein and in addition that after due proceedings had there be judgment for the plaintiff and against the defendants, A.M.E. and ETI, Inc. in the full and true sum this Court may award under the law and for exemplary, punitive and penalty damages, together with interest on all from the date of original demand until paid, and for all general and special damages for her outstanding wages that have yet to be paid and for attorney's fees of 40% and interest on all from date of judicial demand until paid.

Respectfully submitted,

_____
JACK H. TOBIAS
Bar Roll No. 17172
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454
Facsimile: (504) 523-0464
E-Mail: jtobias@jtobiaslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of June 2012, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____

