UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AQUANETTE MARKEY | CIVIL ACTION |
| VERSUS | NO: 12-1803 |
| A.M.E. SERVICES, INC., et al. | SECTION: "A" (3) |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 9)** filed by plaintiff Aquanette Markey. Defendants A.M.E. Services, Inc. and/or A.M.E. Services of New Orleans, L.L.C. and ETI, Inc. oppose the motion. The motion, set for hearing on September 12, 2012, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

**I.   BACKGROUND**

Plaintiff initiated this suit in state court against A.M.E. Services, Inc. and/or A.M.E. Services of New Orleans, L.L.C. on April 1, 2009. Plaintiff initially alleged that she was owed past due wages, penalty wages, reasonable attorney's fees, and cost and expenses of litigation including interest. (Pet. ¶ V; Rec. Doc. 1-1, at 2). In Plaintiff's First Supplemental and Amending Petition filed on January 4, 2012, Plaintiff joined ETI, Inc. as a defendant. Plaintiff also alleged that Defendants failed to provide required tax forms, continually misrepresented facts to avoid judgments and obligations, and retained a convicted felon

employee. (Amended Pet. ¶¶ VI-IX; Rec. Doc. 1-1, at 8-9). Plaintiff asserted that she was entitled to additional damages for loss of economic opportunity, mental anguish, and fear. (<u>Id.</u> ¶ VIII; Rec. Doc. 1-1, at 9).

On June 20, 2012, Plaintiff filed her Third Supplemental and Amending Petition. This was the first petition to expressly invoke the federal Racketeer Influenced and Corrupt Organization ("RICO") statute. (Third Amended Pet. ¶ XIV; Rec. Doc. 1-1, at 16).

On July 11, 2012, Defendants removed the suit alleging federal question jurisdiction under 28 U.S.C. § 1331. Defendants asserted that the case became removable on June 20, 2012, with the filing of the Third Supplemental and Amending Petition. Plaintiff now moves to remand the case to state court. In essence, Plaintiff argues that Defendants failed to remove the case within the thirty day time period required by statute.

## II.  <u>DISCUSSION</u>

Removal is proper if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party must file a notice of removal with the district court within thirty days after the defendant receives a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). If the case was not initially removable based on the initial pleading, the defendant can remove thirty

2

days after receiving a "copy of an amended pleading ... or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In order for a document to constitute "other paper" for the purposes of 28 U.S.C. § 1446(b)(3), it must be a document that the plaintiff voluntarily gives the defendant and entails notice of the changed circumstances that invoke federal jurisdiction. Fernando Garcia v. MVT Servs., Inc., 589 F. Supp. 2d 797, 803 (W.D. Tex. 2008)(citing S.W.S. Erectors v. Infax, Inc., 72 F.3d 489, 494 (W.D. Tex. 2008)).

The Fifth Circuit has recognized "other paper" to include documents not filed in state court proceedings. See id.; see also Chapman v. Powermatic, 969 F.2d 160, 163 (5th Cir. 1992)(stating that an answer to an interrogatory constitutes "other paper"). But the amended pleading or other paper must provide notice that is "unequivocally clear and certain" to start the running of the thirty day time limit for removal. Cole v. Knowledge Learning Corp., No. 10-30546, 2011 WL 818151, at *7 (5th Cir. 2011) (citing Bosky v. Kroger Tex., LP, 288 F.3d 208, 211 (5th Cir. 2002)). The Fifth Circuit in Bosky v. Kroger Texas, LP, stated that:

> [T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit

3

>running for a notice of removal under the second paragraph of section 1446(b). This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

288 F.3d at 211.

The Court is not persuaded that Plaintiff satisfied the "unequivocally clear and certain" standard in either the Original Petition or First Supplemental and Amending Petition. Plaintiff must provide more facts than simply that Defendants engaged in a corrupt practice. Generally, to establish a RICO claim, "plaintiff must allege specific facts that the defendant is engaged in conduct of an enterprise through a pattern of racketeering activity." Castrillo v. Am. Home Mort. Servicing, Inc., 670 F. Supp. 2d 516, 530 (E.D. La. 2009). In order to prove a "pattern of racketeering activity," a plaintiff must show that two or more related offenses amount to a threat of continued criminal activity. Id. In Plaintiff's Original Petition and First Supplemental and Amending Petition, none of the RICO elements are explicitly referenced such that a federal RICO claim is established or implied.

According to Plaintiff, Defendants received adequate notice of the RICO claim in the Original Petition and First Supplemental

4

and Amending Petition. In those petitions, Plaintiff provided facts that Defendants may be involved in corrupt activities. But merely pleading facts that may ultimately form the basis of a RICO cause of action without clearly establishing a federal claim does not amount to "unequivocally clear and certain" notice under federal law for the purposes of removal, even if sufficient for a state court petition.

Plaintiff also argues that Defendants received additional notice of the RICO claim from the Opposition to the Exceptions of No Cause of Action and Prescription filed on May 11, 2012. Though an opposition to a motion may constitute "other paper" under 28 U.S.C. § 1446(b)(3), the state court judge dismissed this claim. Therefore, Defendants did not have a federal claim to remove from state court at that time. It was not until the filing of Plaintiff's Third Supplemental and Amending Petition that Defendants had a federal RICO claim to remove.

In sum, the Court finds that Plaintiff's attempt to assert a federal claim in the Third Supplemental and Amending Petition provided sufficient notice for removal. Because the Plaintiff filed the Third Supplemental and Amending Petition on June 20, 2012, the Court holds that on July 11, 2012, Defendants filed for removal within the thirty day time limit.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by plaintiff Aquanette Markey should be and is hereby **DENIED**.

October 23, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE