UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AQUANETTE MARKEY | CIVIL ACTION |
| VERSUS | No. 12-1803 |
| A.M.E. SERVICES, INC., *et al.* | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 18) filed by Defendants, A.M.E. Services, Inc., A.M.E. Services of New Orleans, L.L.C., and ETI, Inc. Plaintiff Aquanette Markey opposes the motion. The motion, set for hearing on January 2, 2013, is before the Court on the briefs without oral argument. For the following reasons, the motion is DENIED.

**I.      BACKGROUND**

Plaintiff initiated this suit in state court against A.M.E. Services, Inc. and/or A.M.E. Services of New Orleans, L.L.C. on April 1, 2009. Plaintiff initially alleged that she was owed past due wages, penalty wages, reasonable attorney's fees, and the cost and expense of litigation including interest. (Pet. ¶ V; Rec. Doc. 1-1, at 2). In Plaintiff's First Supplemental and Amending Petition filed on January 4, 2012, Plaintiff joined ETI, Inc. as an additional defendant. Plaintiff also alleged that Defendants failed to provide tax forms, continually misrepresented facts to avoid judgments and obligations, and retained a convicted felon employee. (Amended Pet. ¶¶ VI-IX; Rec. Doc. 1-1, at 8-9). Plaintiff asserted that she was entitled to additional damages for loss of economic opportunity, mental anguish, and fear. (*Id.* ¶ VIII; Rec. Doc. 1-1, at 9).

On June 20, 2012, Plaintiff filed her Third Supplemental and Amending Petition. This was the first petition to expressly invoke the federal Racketeer Influenced and Corrupt Organization ("RICO") statute. (Third Amended Pet. ¶ XIV; Rec. Doc. 1-1, at 16).

1

On July 11, 2012, Defendants removed the suit alleging federal question jurisdiction under 28 U.S.C. § 1331. Defendants asserted that the case only became removable on June 20, 2012, with the filing of the Third Supplemental and Amending Petition. Plaintiff moved the Court to remand the case, asserting that Defendants received adequate notice of the RICO claim in the Original Petition and First Supplemental and Amending Petition. (Rec. Doc. 9). In its prior order, the Court found that Plaintiff had not satisfied the "unequivocally clear and certain" standard in either the Original Petition or First Supplemental and Amending Petition to put Defendant on notice that Plaintiff was asserting a federal claim. (Rec. Doc. 15; citing *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)). Accordingly, the Court denied Plaintiff's motion to remand.

In the instant motion, Defendant moves the Court to dismiss Plaintiff's RICO claim against all Defendants and to fully dismiss A.M.E. Services of New Orleans, L.L.C., and ETI, Inc. from this suit. For the following reasons, the motion is DENIED.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow a defendant to seek dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When considering a 12(b)(6) motion, a court must accept all of the plaintiff's factual allegations as true and resolve all ambiguities or doubts regarding the sufficiency of the complaint in the plaintiff's favor. *Fernandez–Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Rule 12(b)(6) motions to dismiss are disfavored and should be denied unless the moving party can show, beyond a doubt, that the plaintiff can prove no plausible set of facts in support of her claim which would entitle her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Dismissal of an action is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To satisfy this standard,

the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). The complaint need only allege enough facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the allegations of fact render the complaint plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (*quoting Twombly*, 550 U.S. at 556).

### III. ANALYSIS

A Plaintiff alleging a violation under the RICO statute, 18 U.S.C. § 1962, must show that the litigation involves: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir.2009).

A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Id.* 18 U.S.C. § 1961 defines "racketeering activity" and includes within this definition a number of statutorily defined criminal acts including: obstruction of justice in violation of 18 U.S.C. § 1503; corruption in violation of 18 U.S.C. § 1512(c); mail fraud in violation of 18 U.S.C. § 1341; and wire fraud in violation of 18 U.S.C. § 1343. Mail/wire fraud consists of (1) a scheme to defraud (2) involving mail/wire communications (3) used for the purposes of executing the scheme. *United States v. Bueno*, 450 F.App'x 391, 392 (5th Cir. 2011) (unpublished opinion); *United States v. Rush*, 236 Fed. App'x 944, 947 (5th Cir.2007) (unpublished opinion).

An enterprise, in the RICO context, is a group of persons or entities associating together for

the common purpose of engaging in a course of conduct. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir.2003) (*citing* 18 U.S.C. § 1961(4)).A RICO enterprise can either be an actual legal entity, or it can be an association-in-fact. *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). If an association-in-fact enterprise, the plaintiff must show evidence of an ongoing organization functioning as a continuing unit over time through a hierarchical or consensual decision-making structure. *Ibid.* (*quoting Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438, 440-41 (5th Cir.1987)) The enterprise must be distinct from the defendant, and it must exist "separate and apart from the pattern of activity in which it engages." *Ibid.* (*quoting Atkinson,* 808 F.2d at 441 (5th Cir.1987)). However, "the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise may in particular cases coalesce." *Boyle v. U.S.*, 556 U.S. 938 (2009) (internal quotation marks omitted).

  In the instant motion to dismiss, Defendants argue that Plaintiff has failed to sufficiently allege the required elements to satisfy a RICO action. Specifically, Defendants argue that Plaintiff has failed to sufficiently allege that Defendants were engaged in a pattern of racketeering activities, that Defendants formed an enterprise to do so, or that the alleged RICO violations were the proximate cause of Plaintiff's alleged injuries.

  Plaintiff has alleged, in essence, that the Defendants conspired to prevent her and others from prosecuting civil actions against them. Plaintiff alleges that A.M.E. Services, Inc. and/or A.M.E. Services of New Orleans, L.L.C. conspired with ETI, Inc. to conceal the identity of which entity employed her and others. Plaintiff alleges that the end goal of this obfuscation was to shield Defendants from potential civil liability. By concealing the identity of the actual employer, Plaintiff alleges that Defendants frustrated attempts by employees to timely prosecute civil actions against them, exploiting the operation of prescription under Louisiana law in Defendants' favor. Plaintiff

alleges that Defendants concealed the identity of which entity employed her and others by regularly shifting employees between them, misrepresenting facts to employees, failing to provide employment documents, and filing false statements under oath. Plaintiff alleges that in her case, Defendant A.M.E. Services, Inc. and/or A.M.E. Services of New Orleans, L.L.C. either falsely represented to her that it was her employer and that ETI, Inc. was solely a payroll service provider; or, was correct in that initial communication, and falsely casts ETI, Inc. as her actual former employer now that any cause of action she originally had against ETI has prescribed. Plaintiff additionally alleges that counsel for Defendants was engaged to perpetrate this obfuscation. Plaintiff alleges that Defendants instructed counsel to make judicial admissions on behalf of A.M.E. Services, Inc. and/or A.M.E. Services of New Orleans, L.L.C. until such time as prescription on her claim against ETI, Inc. had run, only then claiming counsel's error in not earlier correcting the record as to the identity of her actual former employer. Plaintiff alleges essentially that she is but one victim of an ongoing scheme perpetuated by the Defendants to avoid civil liability and amounting to a violation of RICO.

    To the pattern prong, Plaintiff has alleged that Defendants engaged in a number of related predicate criminal acts which in turn pose a threat of continued criminal activity. Plaintiff alleges that Defendants intentionally failed to provide Plaintiff and others with tax forms and other employment-related documents, and filed false statements under oath with courts and administrative agencies. If true, these allegations would likely implicate the predicate criminal acts of (1) obstruction of justice in violation of 18 U.S.C. § 1503; (2) corruption in violation of 18 U.S.C. § 1512(c); and (3) wire and/or mail fraud in violation of 18 U.S.C. § 1343 and/or 18 U.S.C. § 1341. Plaintiff has additionally alleged that Defendants filed false statements to the Louisiana Secretary of State, naming straw principals in place of convicted felons in order to keep and obtain public business. If true, this

allegation would likely implicate the criminal acts of wire and/or mail fraud in violation of 18 U.S.C. § 1343 and/or 18 U.S.C. § 1341. The Court however, is not able to discern a relationship between this alleged criminal act, filing false statements with Louisiana Secretary of State to keep and obtain public business, and the other alleged criminal acts and so does not consider it in its analysis of whether a RICO violation was satisfactorily alleged.

Defendants argue that Plaintiff has failed to allege a pattern of racketeering activity because the only predicate acts they believe Plaintiff has alleged, concern virtually simultaneous acts and therefore fail to allege a pattern. As noted *supra*, were this the case, Plaintiff's complaint likely would fail for want of a pattern allegation. The Court finds however, that, Plaintiff's complaint sets forth sufficient allegations of a pattern of racketeering activity, i.e., two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. Though it was not easy to determine from the record before it, it appears to the Court that Plaintiff has alleged that she was not the first victim of this scheme. Consequently, taking this allegation as true–that other, as yet unnamed, employees fell victim to this concerted effort by Defendants–Plaintiff has sufficiently pleaded that there were a number of related predicate criminal acts that in turn portend a threat of continued criminal activity.

To the enterprise prong, Defendants argue that Plaintiff has failed to specifically allege that Defendants are part of an enterprise. Defendants state that Plaintiff's sole attempt at such an allegation is found in paragraph XII of the Third Supplemental and Amending Petition where Plaintiff states that "the [D]efendants formed an organization to avoid liability and justice." Defendants argue that this allegation contains no facts let alone "specific facts" concerning the formation, membership or activities of the alleged organization. The Court does not agree. 18 U.S.C. § 1962(c) reads:

> It shall be unlawful for any person[1] employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

U.S.C. § 1962(c). Here it has been alleged that the Defendants, a group of persons, associated together for the common purpose of engaging in a course of conduct. "Although a defendant may not be both a person and an enterprise, a defendant may be both a person and a *part of* an enterprise. In such a case, the individual defendant is distinct from the organizational entity." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 447 (5th Cir. 2000) (emphasis added) (*quoting United States v. Fairchild*, 189 F.3d 769, 777 (8th Cir.1999)). Plaintiff alleges that Defendants–persons associated with the enterprise–associated together to engage in a course of conduct–the acts obfuscating the identity of Plaintiff and others' actual employer–to avoid civil liability. If proven, this would establish that Defendants were engaged in a distinct course of conduct existing separate and apart from the enterprise. While the petitions filed by Plaintiff in state court are not greatly detailed, the factual allegations, as summarized above and if proven true, establish that Defendants created an association-in-fact enterprise to avail themselves, through a pattern of racketeering activity, of a shield to civil liability. Bearing in mind that "evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise may in particular cases coalesce[,]" the Court finds that Plaintiff has sufficiently pleaded an association-in-fact enterprise allegation. *Boyle*, 556 U.S. at 947 (internal quotation marks omitted). Assuming as true that Defendants colluded to conceal from employees which of two or possibly three entities actually employed them, that Defendants made knowingly false statements under oath, that Defendants engaged counsel to perpetuate this

---

[1] 18 U.S.C. 1961(c) defines "person" to include any individual or entity capable of holding a legal or beneficial interest in property.

concealment, and that Defendants did all of this in order to avail themselves of a shield to civil liability, an enterprise has been alleged. While Plaintiff will have to show evidence of an ongoing organization functioning as a continuing unit over time through a hierarchical or consensual decision-making structure to prevail on her RICO claim, the Court finds that Plaintiff has sufficiently pleaded her enterprise allegation to withstand the instant motion to dismiss.

Lastly, Defendants argue that Plaintiff has failed to sufficiently plead that the alleged RICO violations caused her alleged injury. Defendants argue that Plaintiff's alleged injuries concern only Plaintiff's failure to obtain her final paycheck and W-2 form. The Court disagrees. At root, Plaintiff is alleging that Defendants conspired to prevent her from prosecuting a legal action against them by concealing the identity of her actual employer until claims against that employer had prescribed. This injury could not be more directly related to the allegation of a RICO violation brought by Plaintiff. This injury would, taking Plaintiff's allegations as true, be the goal of the enterprise alleged.

Defendants additionally argue that Plaintiff has failed to state a cause of action against ETI, Inc. and A.M.E. Services of New Orleans, L.L.C. for violations of Louisiana employment laws because Plaintiff has not alleged that either of these entities were her employer. Assuming Plaintiff's allegations are true, her failure to properly allege that ETI, Inc. or A.M.E. Services of New Orleans, L.L.C. was her employer is to be expected. Over the course of this litigation before it was removed to federal court, Plaintiff alleges that Defendants conspired to prevent her from properly prosecuting an action against them. It is too early to tell whether Plaintiff has, as Defendants argue, simply failed to adequately prosecute her case against them, or whether, as Plaintiff argues, any failure in this regard is due to the illegal actions of Defendants. The Court would be remiss to dismiss any of the Defendants by way of a 12(b)(6) motion on these grounds given Plaintiff's allegations in this particular dispute.

While the Court acknowledges that Plaintiff's allegations, and in particular her response to this motion to dismiss, have been poorly drafted[2] and difficult to navigate, ultimately the Court finds that Plaintiff has pleaded with sufficient specificity to withstand the instant motion to dismiss.

## IV.     CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 18) is **DENIED**.

This 21st day of March, 2013.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that Plaintiff did not cite to a single case or statute in support of any of the legal arguments made in her response to the instant motion. The Court cautions Plaintiff against pleading without citation to authority moving forward.